# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-792V
Filed: July 20, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| LAURA KALAJDZIC *and* BOJAN KALAJDZIC, *on behalf of A.K., a minor child*, | * * * | UNPUBLISHED |
| | * | |
| Petitioners, | * | Decision on Interim Attorneys' Fees and Costs |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | * | |

*Amber Wilson, Esq.*, Wilson Science Law, Washington, DC, for petitioner.
*Claudia Gangi, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On June 13, 2017, Laura and Bojan Kalajdzic ("petitioners") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] on behalf of their minor child, A.K. Petitioners allege that A.K. suffers from narcolepsy with cataplexy as a result of the FluMist vaccination he received on October 30, 2014. Petition, ECF No. 1. Petitioners now seek an award of interim attorneys' fees and costs.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

## I. Procedural History

The petition was filed on June 13, 2017 and assigned to me on June 14, 2017. ECF Nos. 1, 4. Petitioners filed medical records on July 6, 2017; September 19, 2017; and October 26, 2017. Petitioners' Exhibits ("Pet. Ex.") 1-5, ECF No. 7; Pet. Ex. 6-7, ECF No. 9; Pet. Ex. 8-9, ECF No. 11. Petitioners filed a Statement of Completion on December 11, 2017. ECF No. 12.

Respondent filed his Rule 4(c) Report ("Resp. Rpt.") on May 3, 2018, recommending against compensation. Resp. Rpt., ECF No. 16. Respondent also noted that certain medical records appeared to be outstanding. *See id.* at 3 n.1, 4 n.3. Petitioner filed additional medical records through November of 2018. *See* Pet. Ex. 10, ECF No. 19; Pet. Ex. 11-14, ECF NO. 23; Pet. Ex. 15, ECF No. 27. Petitioners filed a Statement of Completion on November 20, 2018. ECF No. 29.

On March 25, 2019, petitioners filed an expert report from a pediatric sleep expert along with supporting medical literature. Pet. Ex. 16-24, ECF No. 31; Pet. Ex. 25-27, ECF No. 32. Respondent filed an expert report and supporting medical literature on September 30, 2019. Respondent's Exhibits ("Resp. Ex.") A-B, ECF No. 36.

This matter was stayed from March 30, 2020 through April 29, 2020; petitioners' counsel had changed law firms and petitioners were determining whether to continue with Ms. Wilson as counsel. *See* ECF Nos. 42, 44, 46. Petitioners chose to continue with Ms. Wilson.

On June 29, 2020, petitioners filed an expert report and medical literature from a rheumatologist. Pet. Ex. 30-38, ECF No. 47; Pet. Ex. 39, ECF No. 48.

On June 30, 2020, petitioner's counsel filed the instant Motion for Interim Attorneys' Fees and Costs requesting $76,297.60 in fees and $14,641.85 in costs and for a total of $90,939.45. *See* Motion for Interim Fees, ECF No. 49. Petitioner argued the petition was brought in good faith with a reasonable basis, as supported by a medical expert opinion. *Id.* at 2.

Respondent filed a response to the Motion for Interim Attorneys' Fees and Costs deferring to the special master for a determination of interim fees and costs. *See* ECF No. 50 at 2-3.

On July 16, 2020, petitioners' counsel filed a reply to respondent's response. *See* ECF No. 51. Petitioner argued that respondent's position was overly burdensome on the court and prejudices the petitioner because it is respondent's duty to present evidence of fees and costs it finds unreasonable. *Id.* at 2. The U.S. Court of Federal Claims has found that a limited response from respondent may act as a waiver of "specific challenges" to requested fees and costs. *Id.* at 2-3 (citing *Mcintosh v. Sec'y of Health & Human Servs.*, No. 16-29V, 2018 WL 3343249, at *12 (Fed. Cl. June 14, 2018)). Petitioner asserted the court should not act as both "inquisitor" and fact-finder. *Id.* at 3. Petitioner further argued that because he has met his burden of establishing reasonable fees and costs, he should be reimbursed "without reduction." *Id.* at 4-5. Petitioner correctly identified that special masters may *sua sponte* conduct their own inquiry. *Id.* at 3.

This matter is now ripe for determination.

## II. Legal Framework

The Vaccine Act permits an award of reasonable attorneys' fees and other costs. § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, petitioner's counsel is automatically entitled to reasonable attorneys' fees. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id*.

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## III. Discussion

### A. Availability of Interim Fees

Special masters have discretion to award interim fees while the litigation is ongoing if "the cost of litigation has imposed an undue hardship" and there is "a good faith basis for the claim." *Shaw v. Sec'y of Health & Human Servs.*, 609 F. 3d 1372, 1375 (Fed. Cir. 2010); *see Avera*, 515 F. 3d at 1352. The court in *Avera* held that interim fees may be awarded "in appropriate circumstances." *Id*. at 1351. The court then listed some circumstances—cases involving "protracted" proceedings and "costly experts"—in which it would be "particularly appropriate" to award interim fees. *Id*. at 1352. But "the Federal Circuit in *Avera* . . . did not enunciate the universe of litigation circumstances which would warrant an award of interim attorney's fees," *Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 154 (2012), and "special masters [retain] broad discretion in determining whether to award" them, *Al-Uffi ex rel. R.B. v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). In making this determination, "the special master may consider any of the unique facts of a case." *Rehn v. Sec'y of Health & Human Servs.*, 126 Fed. Cl. 86, 94 (2016).

Under the circumstances of this case, interim fees are warranted. This case has been pending for three years, which ordinarily "suffice[s] to constitute the type of 'circumstances' to warrant an interim fee award." *Woods*, 105 Fed. Cl. at 154; *see also, e.g.*, *Thompson v. Sec'y of Health & Human Servs.*, No. 12-475V, 2018 WL 1559799, at *1 (Fed. Cl. Spec. Mstr. Feb. 28, 2018) ("[I]nterim attorneys' fees and costs are appropriate because waiting for the conclusion of the case would place an undue hardship in petitioner"); *Kottenstette v. Sec'y of Health & Human*

3

*Servs.*, No. 15-1016V, 2017 WL 5662780, at *3 (Fed. Cl. Spec. Mstr. Oct. 30, 2017) (finding two-year proceeding constituted appropriate circumstances for interim fees). Respondent does not dispute that there is "a good faith basis for [petitioner's] claim." *Shaw*, 609 F.3d at 1375; *see Sharp-Rountree v. Sec'y of Health & Human Servs.*, No. 14-804V, 2015 WL 12600336, at *3 (Fed. Cl. Spec. Mstr. Nov. 3, 2015) (explaining that "petitioners are entitled to a presumption of good faith absent direct evidence of bad faith" and finding a good faith basis when respondent "declined to challenge [it]"). Moreover, petitioners have expended significant time and costs in litigating this matter and with the current case load, an entitlement hearing cannot be held for quite some time. In sum, the circumstances of this case warrant an award of interim fees and costs, so as not to impose economic hardship on petitioners.

**B.     Reasonable Hourly Rates**

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Ms. Wilson practices in the Washington, DC metro area, and accordingly is awarded forum rates. Petitioners request $10,341.00 in attorneys' fees for Ms. Wilson's current firm and

---

[3] The fee schedules are posted on the Court's website. *See* Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf (last visited July 20, 2020); Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2017*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2017.pdf (last visited July 20, 2020); Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2018*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf (last visited July 20, 2020);  Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2019*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf (last visited July 20, 2020); Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2020*, http://uscfc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202020.PPI_OL.pdf (last visited July 20, 2020).

$65,956.60 for Ms. Wilson's prior firm, Maglio Christopher and Toale. Motion for Interim Fees at 1. Petitioners requested the following hourly rates for their attorney and the other attorneys and paralegals at their counsel's firm. For Amber Wilson: $290.00 for 2017; $308.00 for 2018; $323.00 for 2019; and $345.00 for 2020. Pet. Ex. 40 at 68. For Diana Stadelnikas, co-counsel: $359.00 for 2016. *Id.* For Altom Maglio, co-counsel: $362.00 for 2017. *Id.* For Danielle Strait, co-counsel: $307.00 for 2017. *Id.* Anne Toale, co-counsel: $445.00 for 2020. *Id.* For paralegals: $105.00, $135.00, and $145.00 for 2016; $145.00 for 2017; $148.00 for 2018; $154.00 for 2019; and $150.00 and $160.00 for 2020. *Id.* Rates varied depending on experience and credentials. *Id.*

The requested hourly rates are consistent with the rates previously found to be reasonable in cases involving petitioners' counsel and Maglio, Christopher and Toale. *See Raymer v. Sec'y of Health & Human Servs.*, No. 17-590V, 2020 WL 3619511, at *2 (Fed. Cl. Spec. Mstr. June 12, 2020); *Barnard v. Sec'y of Health & Human Servs.*, No. 18-1866V, 2020 WL 3046263, at *2 (Fed. Cl. May 19, 2020); *Archer v. Sec'y of Health & Human Servs.*, No. 15-656V, 2020 WL 2962037, at *4 (Fed. Cl. Spec. Mstr. May 6, 2020); *Gray v. Sec'y of Health & Human Servs.*, No. 18-223V, 2020 WL 1486796, at *2 (Fed. Cl. Spec. Mstr. Feb. 13, 2020). Therefore, I award the requested rates.

**C.     Hours Reasonably Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review of the hours billed by petitioners' counsel and her firm, the majority of hours billed appear to be reasonable. *See generally*, Pet. Ex. 39-40. However, certain tasks performed by

5

Ms. Wilson were billed at her attorney rate rather than at a paralegal rate.[4] Additionally, certain paralegals at Maglio, Christopher and Toale overbilled for minor tasks.[5] Therefore, some reductions are warranted. The hours billed by Ms. Wilson at her attorney rate will be adjusted to a paralegal rate, and the attorneys' fees awarded to Maglio, Christopher and Toale will be reduced by 5%. Accordingly, **$10,302.00**[6] in attorneys' fees are awarded to petitioners' counsel, Ms. Wilson, and **$62,658.77**[7] in attorneys' fees are awarded to Ms. Wilson's former firm, Maglio, Christopher and Toale.

### D.     Reasonable Costs

Petitioners request $7,600.00 in attorneys' costs for Wilson Science Law and $7,041.85 in attorneys' costs for Maglio, Christopher and Toale for a total of $14,641.85 in attorneys' costs. Pet. Ex. 39 at 4; Pet. Ex. 40 at 1. The requested costs consist of $7,600.00 in expert fees to Dr. Ahmed, $5,625.00 in expert fees to Dr. Hughes, $703.73 in travel costs, the $400.00 filing fee, $221.60 in costs associated with obtaining medical records, $60.95 in medical literature costs, $30.17 in shipping and mailing costs, and $0.04 in PACER research costs. Pet. Ex. 39 at 4; Pet. Ex. 40 at 1-36. Petitioners' counsel provided adequate documentation for all costs except for $30.21 in shipping and mailing and research costs. Petitioners' requested costs will be reduced for inadequate documentation of these costs, in the amount of $30.21.[8] Accordingly, $7,600.00 in attorneys' costs is awarded to Ms. Wilson and Wilson Science Law and $7,011.64 in attorneys' costs is awarded to Maglio, Christopher and Toale.

### IV. Total Award Summary

Based on the foregoing, petitioner's Motion for Interim Attorneys' Fees and Costs is **GRANTED IN PART**. Accordingly, I award **$17,902.00,** representing $10,302.00 in attorneys' fees and $7,600.00 in attorneys' costs in the form of a check payable jointly to **petitioner and**

---

[4] *See, e.g.*, Motion for Interim Fees, Pet. Ex. 39 at 4 ("Prepare pleading to court for filing of evidence exhibits 30-38"); *id*. ("Prepare pleading to court for filing of evidence exhibit 39").

[5] *See, e.g.*, Motion for Interim Fees, Pet. Ex. 40 at 46 (0.2 hours billed for "Draft notice of filing"); *id*. (0.2 hours billed for "Draft exhibit list"); *id*. (0.2 hours billed for "Draft statement of completion"); *id*. (0.2 hours billed for "Review and finalize statement of completion. Update case deadlines"); *id*. at 51 (0.2 hours billed for "Review and analyze Court status conference order for action needed, update case deadlines"); *id*. at 57 (0.2 hours billed for "Review and analyze Court scheduling order for action needed, update case file"); *id*. at 59 (0.2 hours billed for "Review and analyze Court scheduling order for action needed, update case deadlines").

[6] Ms. Wilson billed 0.2 hours at $345.00 per hour; her hourly rate for these entries has been reduced to the paralegal rate of $150.00. Accordingly, the overall fees awarded have been reduced by $39.00. (0.2 hours x $345.00) – (0.2 hours x $150.00) = $39.00.

[7] $65,956.60 x 5% = $3,297.83. $65,956.60 - $3,297.83 = $62,658.77.

[8] As this is an interim fees and costs motion, petitioners may request reimbursement for these costs, supported by proper documentation, in their final fees and costs motion.

**petitioners' counsel, Amber Wilson, Esq.**, and **$69,670.41**, representing $62,658.77 in attorneys' fees and $7,011.64 in attorneys' costs in the form of a check payable to **Maglio, Christopher and Toale**. The clerk shall enter judgment accordingly.[9]

    **IT IS SO ORDERED.**

                                            **s/ Mindy Michaels Roth**
                                            Mindy Michaels Roth
                                            Special Master

---

[9] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.