# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-792V

| | | |
|---|---|---|
| LAURA KALAJDZIC *and* BOJAN KALAJDZIC, *on behalf of A.K., a minor child*, | * * * * * | Chief Special Master Corcoran |
| Petitioners, | * * | Filed: October 15, 2024 |
| v. | * * * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | |
| Respondent. | * * | |

*Amber D. Wilson*, Wilson Science Law, Washington, DC, for Petitioners.

*Claudia B. Gangi*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On June 13, 2017, Laura and Bojan Kalajdzic, on behalf of their minor child, A.K., filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program).[2] Petitioners alleged that A.K. suffers from narcolepsy with cataplexy as a result of the FluMist vaccination he received on October 30, 2014. Petition (ECF No. 1) at 1. I issued a decision denying entitlement on June 17, 2022. Decision, dated June 17, 2022 (ECF No. 74). Petitioners moved for review of my decision (ECF No. 76), but the motion was denied. *See* Judge Vaccine Order/Opinion, dated Oct. 27, 2022 (ECF No. 79). A subsequent appeal to the Federal Circuit was also unsuccessful. *See* Mandate, dated Aug. 14, 2024 (ECF No. 84).

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioners previously requested an interim award of attorney's fees and costs in June 2020, and were granted $87,572.41. Decision—Interim Attorney's Fees and Costs, dated July 20, 2020 (ECF No. 52) ("Interim Fees Decision"). Petitioners have now filed a motion for a final award of attorney's fees and costs. Motion, dated Sept. 17, 2024 (ECF No. 85) ("Final Fees Mot."). Petitioner now requests a total of $266,564.98, reflecting: (a) $263,553.48 for the services of Amber D. Wilson of Wilson Science Law; and (b) $3,011.50 for the services of Jennifer Maglio of Maglio, Christopher and Toale ("MCT"). ECF No. 85-1 at 18–19; ECF No. 85-2 at 2–3. Respondent reacted to the final fees request on Oct. 1, 2024 (ECF No. 86) ("Resp."). Respondent agrees that Petitioners have satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Resp. at 2, 4. Petitioners did not file a reply.

For the reasons set forth below, I hereby **GRANT** Petitioners' motion, awarding fees and costs in the total amount of **$266,564.98**.

## ANALYSIS

### I. Petitioners' Claim had Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses.

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

2

*Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

The standard for finding the existence of reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

As noted above, Petitioners were previously awarded interim fees and costs in this matter (albeit by another special master), thus implicitly suggesting the claim possessed reasonable basis as of at least that prior date. Although Petitioners' claim was ultimately unsuccessful, I still find that there was *some* record evidence that A.K. experienced narcolepsy in a timeframe after the relevant vaccination, and the medical opinion they obtained later in conjunction with this claim provided some minimal support.

Accordingly (and although the magnitude of fees sought for a case that was unsuccessful and that involved two unavailing appeals is quite high), and given my awareness that the bar for reasonable basis is set quite low, I will allow a final fees award herein. I nevertheless stress that I have now *on several occasions* ruled that the nonadjuvanted form of the flu vaccine has not been preponderantly established to likely cause narcolepsy. Unless new medical/scientific research can be identified that suggests the medical consensus on this issue has changed, I am not likely to entertain this kind of claim in the future—and thus will deem such claims to lack reasonable basis at their outset. Current counsel is on notice that another comparable claim like this one will not be deemed to merit *any* fee award at all.

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

## II.   Calculation of Fees

Only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bass the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioners request the following rates for their attorney and support staff, based on the years work was performed:

|  | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|
| **Amber Wilson (Attorney at WSL)** | $345.00 | $378.00 | $427.00 | $454.00 | $479.00 |
| **Jennifer Maglio (Attorney at MCT)** | -- | -- | -- | -- | $525.00 |
| **Tammie Adeyanju (Paralegal at MCT)** | -- | -- | -- | -- | $190.00 |

ECF No. 85-1 at 1–19; ECF No. 85-2 at 2–3.

Amber Wilson practices in Washington, D.C.—a jurisdiction that has been deemed "in forum." Accordingly, she is entitled to the rates established in *McCulloch*. *See Stuart v. Sec'y of Health & Hum. Servs.*, No. 16-940V, 2022 WL 176145, at *4 (Fed. Cl. Spec. Mstr. Jan. 5, 2022). The rates requested for Ms. Wilson are consistent with what has previously been awarded, in

accordance with the Office of Special Masters' fee schedule. [5] *Munoz v. Sec'y of Health & Hum. Servs.*, No. 21-1369V, 2024 WL 2730966, at *3 (Fed. Cl. Spec. Mstr. May 1, 2024). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

Jennifer Maglio practices in Sarasota, Florida—a jurisdiction that has also been deemed "in forum." Accordingly, she is entitled to the rates established in *McCulloch*. *Mora v. Sec'y of Health & Hum. Servs.*, No. 13-421V, 2019 WL 5791265, at *2 (Fed. Cl. Spec. Mstr. Oct. 29, 2019). The newly requested '23 and '24 rates for Ms. Maglio are also consistent with what has previously been awarded, in accordance with the Office of Special masters' fee schedule. *Echols v. Sec'y of Healthy & Hum. Servs.*, No. 17-838V, 2024 WL 4057568, at *2 (Fed. Cl. Spec. Mstr. Apr. 23, 2024) (awarding an hourly rate of $460.00 for time billed in 2022). I thus find no cause to reduce them in this instance, and I deem the time devoted to the matter reasonable, and will therefore award it without adjustment.

### III. Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioners seek $20,687.08 in outstanding costs, including the Federal Circuit filing fee, medical record retrieval costs, medical literature costs, mailing costs, costs associated with travel and appellate material preparation, as well as costs associated with a single expert, Dr. S. Sohail Ahmed. ECF No. 85-1 at 18. Dr. Ahmed prepared two written reports in this matter and submitted a final invoice reflecting a total of $12,660.00 (billing at $500.00 an hour for 25.32 hours of work) charged to the matter. *Id.* at 18, 26–27. His rates, and the work he performed on the matter, are adequate and shall be awarded.

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Oct. 15, 2024).

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a fees award, I **GRANT** Petitioners' Motion for Attorneys' Fees and Costs. I award a total of **$266,564.98**, reflecting: (a) $263,553.48 for the services of Amber D. Wilson of Wilson Science Law; and (b) $3,011.50 for the services of Jennifer Maglio of Maglio, Christopher and Toale ("MCT"). Petitioners request that one check, payable jointly to Petitioners and their attorney, Amber D. Wilson, be forwarded to Wilson Science Law, 1629 K Street NW, Ste 300, Washington, D.C. 20006, in satisfaction of all fees to be awarded.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[6]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.